IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AUTO EQUITY LOANS OF DELAWARE, LLC,** | : | Civil No. 1:19-CV-1590 |
| **Plaintiff,** | : | |
| v. | : | |
| **JOSH SHAPIRO,** *in His Official Capacity as Attorney General of the Commonwealth of Pennsylvania* | : | |
| **Defendant.** | : | **Judge Sylvia H. Rambo** |

# **M E M O R A N D U M**

Before the court is Josh Shapiro's (the "Attorney General") motion for reconsideration (Doc. 21) of the decision by Judge Maryellen Noreika of the District of Delaware, which denied the Attorney General's motion to dismiss and transferred the case to this court. For the reasons set forth, the court will deny the motion.

## **I.  Background**

### a. The Complaint

In September 2018, Plaintiff Auto Equity Loans of Delaware, LLC ("AEL"), a Delaware company that provides loans secured by borrowers' motor vehicles, commenced this action by filing a complaint in the District of Delaware. (Doc. 1.) The complaint alleges that in June 2018, the Office of the Pennsylvania Attorney General (the "OAG") notified AEL that a Pennsylvania borrower had filed a consumer complaint with the office regarding the rate of interest set forth in the

1

borrower's loan agreement with AEL. (*Id.* ¶ 26.) In response, AEL explained to the OAG that the transaction had taken place in Delaware and was governed by Delaware law. (*Id.* ¶ 28.) Nevertheless, the OAG allegedly sent investigative requests for "voluminous business records" pursuant to its authority to investigate potential violations of various Pennsylvania statutes and "threatened to require all loans with Pennsylvania borrowers to comply with Pennsylvania's limits on interest rates." (*Id.* ¶¶ 29, 30.) AEL alleges these actions are an attempt to enforce Pennsylvania law on it in violation of the Commerce Clause and Due Process Clause. (*Id.* ¶ 31.)

  b. <u>The Attorney General's motion to dismiss</u>

In January 2019, the Attorney General moved the District of Delaware to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(2), (3), and (6) for lack of personal jurisdiction, improper venue, and failure to state a claim, and alternatively to transfer the action to this court. In his moving brief, the Attorney General argued that the court lacked personal jurisdiction, that AEL's claims were not ripe, and alternatively that the case should be transferred. (Doc. 11.) He did not argue that the complaint failed to state a claim upon which relief may be granted.

In support of his argument that AEL's claims were not ripe, the Attorney General analogized the facts to those presented in *Marathon Petroleum Corp. v. Secretary of Finance for Delaware*, 876 F.3d 481, 485 (3d Cir. 2017). In *Marathon*

*Petroleum Corp.*, two Delaware companies commenced an action against Delaware, challenging its authority to audit and potentially escheat funds associated with unredeemed gift cards that were issued by the companies' Ohio subsidiaries. *Id.* at 484. They claimed, among other things, that Delaware's escheatment laws were preempted by federal common law addressing priority rules for the escheatment of intangible property. *Id.* Delaware moved to dismiss the preemption claim based on lack of ripeness and failure to state a claim. *Id.* at 487. After finding the controversy to be ripe, the District of Delaware dismissed the preemption claim with prejudice on the basis that the particular common law at issue could not be invoked by private parties. *Id*. at 484.

On appeal, the Third Circuit reversed and ordered the claim to be dismissed without prejudice. *Id*. at 501. With respect to the issue of ripeness, it found that the preemption claim could be read in two ways—as challenging the scope and intensity of the audit, or as challenging the State's authority to initiate the audit. *Id.* at 496. The Circuit held that to the extent the companies were challenging the scope of the audit, their claim was not ripe, since Delaware had not yet taken any formal steps to compel the companies' compliance. *Id.* at 497. However, to the extent the companies were challenging Delaware's authority to initiate the audit, the claim was ripe, but nevertheless failed as a matter of law because the relevant federal common law did "not prevent Delaware from examining books and records to determine the true

3

holder of abandoned property." *Id.* at 499. Therefore, regardless of how the preemption claim was interpreted, it was "subject to dismissal," albeit without prejudice since the companies' challenge to the scope of the audit could become ripe in the future. *Id.* at 501.

Returning to the Attorney General's motion to dismiss, his moving brief cited *Marathon Petroleum Corp.* solely for the proposition that AEL's claim was not ripe because, just like Delaware's investigation in that case, the OAG's investigation of AEL merely consisted of a voluntary request for information and the OAG took no efforts to compel AEL's compliance.

  c. <u>AEL's response brief</u>

In its response, AEL noted the mismatch between the Rule 12 subsections under which the Attorney General formally moved and the substantive arguments set forth in his brief. It explained that, because the Attorney General did not make any substantive argument that the complaint failed to state a claim upon which relief may be granted, AEL would "presume that the motion has been brought" solely on ripeness and personal jurisdiction grounds. (Doc 13, p. 2 n.1.) AEL's response argued that its claims were ripe because, similar to the Delaware companies in *Marathon Petroleum Corp.*, it was challenging the Attorney General's authority to initiate an investigation.

4

d. The Attorney General's reply brief

In reply, the Attorney General did not address AEL's presumption that he was only moving on ripeness and personal jurisdiction grounds. He did, however, respond to AEL's discussion of *Marathon Petroleum Corp.* by arguing, in a section titled "Lack of a Ripe Controversy for This Court," the following:

> AEL relies on the other part of the [*Marathon Petroleum Corp.*] Court's holding – i.e., whether or not the state had authority to conduct an audit in the first place – finding that issue to be ripe for review. Be that as it may, AEL's rationale is still flawed in that it challenges the Attorney General's authority to investigate a Delaware based business…..There is no proscription on the Attorney General's power to investigate (within Pennsylvania) the conduct of a business that affects citizens of the Commonwealth which he is the Chief Law Enforcement Officer for. To the extent AEL suggests that the Attorney General attempted to regulate a Delaware business, it is incorrect and misguided. As stated above, the inquiry by the Attorney General requesting documents pertaining to loans advanced to Pennsylvania residents was voluntary and AEL was free and within its rights to refuse cooperation. Thus, the Attorney General posits that allegations about an investigation commenced in Pennsylvania, against an out-of-state business, without any interference with such business' activities, are meritless and lack legal predicate.

(Doc. 14, pp. 11-12 (citations omitted).)

e. The Decision by the District of Delaware

In September 2019, Judge Noreika of the District of Delaware issued a decision transferring the case to this court and denying the Attorney General's motion in all other respects. A*uto Equity Loans of Delaware, LLC v. Shapiro*, No. 18-CV-1470, 2019 WL 4169794, at *1 (D. Del. Sept. 3, 2019). The court held that,

5

as in *Marathon Petroleum Corp.,* AEL's claims could "be fairly framed in two ways," as a challenge to the scope and intensity of the OAG's investigation, or as a challenge to its authority to the initiate the investigation, and that the latter was ripe. *Id*. at *5. In a footnote, the court addressed the Attorney's General's aforementioned reply argument by stressing that it went to the merits rather than the "adversity of interest" element of the ripeness doctrine in which it was presented:

> The Court acknowledges Defendant's assertion that Plaintiff's "rationale is flawed in that it challenges Defendant's authority to investigate a Delaware based business," given that there is allegedly "no proscription on the Attorney General's authority to investigate (within Pennsylvania) the conduct of a business that affects citizens of the Commonwealth ...." The Court, however, finds that Defendant's assertion goes to the merits of Plaintiff's claims, rather than whether the parties' interests are adverse.

(*Id*. at n. 5 (citations and brackets omitted).)

## II. <u>Standard of Review</u>

The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Ziotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). A motion for reconsideration may be granted if the movant establishes (1) there has been an intervening change in controlling law; (2) new evidence has become available since the court decided the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Schumann v. Astrazeneca Pharm.*, 769 F.3d 837, 848-49 (3d Cir. 2014) (citing *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). "A

6

motion for reconsideration is not a vehicle to raise new arguments that could have been raised before the issuance of the order in question." *Qazizadeh v. Pinnacle Health Sys.*, 214 F. Supp. 3d 292, 296 (M.D. Pa. 2016).

**III.  Discussion**

The Attorney General argues that his motion for reconsideration should be granted because the District of Delaware failed to apply "the mandatory second step in the *Marathon Petroleum* analysis by failing to determine whether the alternative characterization of AEL's claims had merit." (Doc. 22, p. 9.) The court disagrees. As AEL correctly points out, the Third Circuit in *Marathon Petroleum Corp.* did not establish any new two-step procedure for analyzing claims that can be fairly interpreted as both ripe and unripe. It simply found that, to the extent the plaintiffs' claims in that case were ripe, they nevertheless failed to state a claim upon which relief may be granted.

In this case, by comparison, the Attorney General failed to present the District of Delaware with any substantive argument that AEL's claims failed to state a claim. The closest he came was the inclusion of the above-quoted argument in his reply brief—in a section addressing ripeness—that claimed that AEL's legal theories were "flawed," "meritless," "incorrect and misguided" and "lack[ed] legal predicate." The failure of the District of Delaware to determine from these characterizations that the AEL's complaint did not adequately state claims for violations of the Commerce

7

Clause and Due Process Clause was decidedly not a manifest error of law. In fact, the Attorney General did not even mention those constitutional provisions in his argument. The District of Delaware did not overlook any facts, arguments, or law. It was simply provided no basis upon which to find in the Attorney General's favor. Motions for reconsideration are not intended to provide litigants with a second bite of the apple, and the court declines to opine on issues that were never briefed by the parties and appropriately never addressed by the District of Delaware.

## IV. Conclusion

For the reasons set forth above, the court will deny the Attorney General's motion for reconsideration. An appropriate order shall follow.

>*/s/ Sylvia H. Rambo*
>SYLVIA H. RAMBO
>UNITED STATES DISTRICT JUDGE

Dated: February 6, 2020