**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **AUTO EQUITY LOANS OF DELAWARE, LLC,** | : | **No. 1:19-CV-1590** |
| **Plaintiff,** | : | **Judge Sylvia H. Rambo** |
| **v.** | : | ***Electronically Filed Document*** |
| **JOSH SHAPIRO,** ***in His Official Capacity as Attorney General of the Commonwealth of Pennsylvania*** | : | |
| **Defendant.** | : | |

**BRIEF IN SUPPORT OF DEFENDANT'S
MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendant Joshua Shapiro, in his official capacity as the Attorney General of the Commonwealth of Pennsylvania ("Attorney General"), by and through his undersigned counsel, hereby submits this Brief in Support of his Motion for Judgment on the Pleadings.

## PROCEDURAL AND FACTUAL BACKGROUND

### A. The Federal Action

Auto Equity Loans of Delaware, LLC ("AEL") commenced this action in the United States District Court for the District of Delaware on September 24, 2018. *See* Doc. 1. On January 24, 2019, the Attorney General filed a motion to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(2), (3),

and (6), and alternatively to transfer the action to this Court. *See* Doc. 10. On September 3, 2019, the District of Delaware issued an Order denying the Attorney General's motion to dismiss and granting the motion to transfer venue. *See* Doc. 17. On September 30, 2019, the Attorney General filed a motion for reconsideration in this Court. *See* Doc. 21. On February 6, 2020, the Court denied the Attorney General's motion for reconsideration. *See* Doc. 31. The Attorney General answered the complaint on February 20, 2020.

The Court entered a Case Management Order on April 28, 2020 providing that fact discovery will close on November 2, 2020. *See* Doc. 36 at 2. The Attorney General served discovery requests on AEL on June 9, 2020, but AEL has not provided any objections or responses. Nor has AEL served any discovery on the Attorney General.

**B. AEL's Complaint**

AEL's business is to "provide[] financing to borrowers secured by motor vehicle titles" (Doc. 9 ¶ 12), including borrowers who reside and have motor vehicles titled in Pennsylvania. *See id*. at ¶ 24. AEL alleges that the Attorney General received a complaint from a Pennsylvania resident "regarding the interest rate set forth in the [resident's] loan agreement with [AEL]." *Id.* at ¶ 31. In order to "investigate" AEL's "compliance" with Pennsylvania law, the Attorney General sent a letter to AEL in August 2018 requesting that AEL "voluntarily" provide it

with documents concerning "the status of the loans AEL made to consumers who have resided in or had a vehicle registered in Pennsylvania." Doc. 9 Ex. B. AEL alleges that it has only "limited contacts with Pennsylvania" (*id*. at ¶ 3) and asserts that the letter request was unlawful because it was tantamount to an effort "applying" or "attempting to apply" Pennsylvania law to AEL in violation of the Commerce and Due Process clauses of the United States Constitution. *Id*. at ¶ 42.

### C. The State Action

On June 25, 2020, the Attorney General served a Subpoena on AEL pursuant to the Pennsylvania state Administrative Code, 71 P.S. § 307-3, requesting that AEL provide information and documents relating to the Attorney General's inquiry. *See* Exhibit A (the "Subpoena"). AEL failed to respond to or comply with the Subpoena. On August 26, 2020, the Attorney General commenced a proceeding to enforce the Subpoena in the Court of Common Pleas of Philadelphia County. *See* Exhibit B. On August 31, 2020, the Court of Common Pleas entered an Order requiring AEL to produce documents responsive to the Subpoena on or before September 10, 2020. *See* Exhibit C.

## STATEMENT OF QUESTION INVOLVED

I. Should the Court abstain from hearing this action under *Younger v. Harris*, 401 U.S. 37 (1971)?

Suggested answer: yes.

## ARGUMENT

"Federal Rule of Civil Procedure 12(c) allows any party to move for judgment on the pleadings after the pleadings have closed, but not within such time as to delay trial." *Imax Corp. v. Capital Ctr.*, 156 F. Supp. 3d 569, 573 (M.D. Pa. 2016) (Rambo, J.) (citing Fed. R. Civ. P. 12(c)). "In order to prevail on a motion for judgment on the pleadings, the movant must show 'that there is no material issue of fact to resolve, and that it is entitled to judgment in its favor as a matter of law.'" *Id*. (quoting *Mele v. Fed. Reserve Bank of N.Y.*, 359 F.3d 251, 257 (3d Cir. 2004)). Here, there is no material fact issue concerning abstention and the Attorney General is entitled to judgment as a matter of law.

### I. THE COURT SHOULD ABSTAIN FROM HEARING THIS ACTION UNDER *YOUNGER v. HARRIS*

The Court should abstain from hearing this action under *Younger v. Harris* 401 U.S. 37 (1971) because the state Subpoena enforcement proceeding (i) is a category of case "that define[s] *Younger's* scope" (*Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013)) and (ii) satisfies the three-part test articulated in *Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423 (1982).

### A. The Subpoena Enforcement Proceeding Falls Into The Third Category Of Cases That Define *Younger's* Scope

*Younger* abstention applies in three categories of cases: "1) 'state criminal prosecutions,' (2) 'civil enforcement proceedings,' and (3) 'civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions.'" *Gonzalez v. Waterfront Comm'n of New York Harbor*, 755 F.3d 176, 180 (3d Cir. 2014) (quoting *Sprint*, 571 U.S. at 73). Here the Subpoena enforcement proceeding falls into the "third *Sprint* category" because the Attorney General filed the proceeding "pursuant to [state law]" and a ruling in AEL's favor in this Court would "necessarily affec[t] functions performed by the state court." *Backpage, LLC v. Hawley*, 2017 WL 5726868, at *8 (E.D. Mo. Nov. 28, 2017); *see id*. (holding that *Younger* abstention applied when a plaintiff sought to enjoin a state attorney general's efforts to investigate it under state law and the attorney general had filed a petition to enforce a civil investigative demand in state court); *Lupin Pharm., Inc. v. Richards*, 2015 WL 4068818, at *3-4 (D. Md. July 2, 2015) (same).

### B. The Subpoena Enforcement Proceeding Satisfies The Three-Part Test Articulated in *Middlesex*

The Subpoena enforcement proceeding in the Court of Common Pleas also satisfies the three-part test articulated in *Middlesex.* That test asks: "(1) whether there is an ongoing state proceeding that was judicial in nature, (2) whether that

proceeding implicates important state interests, and (3) whether the state proceeding provides an adequate opportunity for [AEL] to raise [its] federal claims." *Gonzalez*, 755 F.3d at 182-3. Here, all elements of the test are satisfied.

**1. The Pending State Subpoena Enforcement Proceeding Is Judicial In Nature**

The pending Subpoena enforcement proceeding in the Court of Common Pleas is judicial in nature. Accordingly, the first *Middlesex* element is satisfied.

**2. The Subpoena Enforcement Proceeding Implicates Important State Interests**

The second *Middlesex* element is satisfied because the pending Subpoena enforcement proceeding implicates Pennsylvania's important interest in assessing a potential violation of its "fundamental policy" against high interest rates and deceptive practices associated with consumer loans. *Kaneff v. Delaware Title Loans, Inc.*, 587 F.3d 616, 624 (3d Cir. 2009) (emphasis added). Moreover, Pennsylvania and Delaware courts have consistently applied Pennsylvania law to car title loan agreements – including the same AEL agreements at issue in this case – because "Pennsylvania has a materially greater interest than Delaware" in such agreements. *Id*. (emphasis added); *Gregoria v. Total Asset Recovery, Inc.*, 2015 WL 115501, at *4 (E.D. Pa. Jan. 8, 2015) (same); *Auto Equity Loans of Del., LLC v. Baird*, 2019 WL 5381915, at *10 (Del. Super. Ct. Sept. 20, 2019) (upholding

decision by arbitrator to apply Pennsylvania law to AEL's car title loan agreements).

Thus, given Pennsylvania's significant interest in the matter pending in the Court of Common Pleas, the second *Middlesex* element is satisfied.

### 3. AEL Can Raise The Same Arguments In The Court Of Common Pleas

The third *Middlesex* element is satisfied because AEL could have raised every constitutional argument in the Court of Common Pleas in opposition to the Attorney General's motion to enforce the Subpoena that it seeks to raise in this case. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987) ("when a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy"). Moreover, AEL can still assert its constitutional arguments in the state court proceeding in a motion for reconsideration or on appeal.

Therefore, the third *Middlesex* element is also satisfied.

## CONCLUSION

For the foregoing reasons, the Attorney General's motion for judgment on the pleadings should be granted.

**Respectfully submitted,**

**JOSH SHAPIRO**
**Attorney General**

**By:** ***s/ Alexander T. Korn***
**ALEXANDER T. KORN**
**Deputy Attorney General**
**Attorney ID 323957**

**JESSICA S. DAVIS**
**Senior Deputy Attorney General**
**Attorney ID 94560**

**KAREN M. ROMANO**
**Acting Chief Deputy Attorney General**
**Civil Litigation Section**

**Counsel for Defendant Josh Shapiro**

**Office of Attorney General**
**15th Floor, Strawberry Square**
**Harrisburg, PA 17120**
**Phone: (717) 783-6270**

**akorn@attorneygeneral.gov**

**Date: September 9, 2020**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **AUTO EQUITY LOANS OF DELAWARE, LLC,** | : | |
| | : | **No. 1:19-CV-1590-SHR** |
| **Plaintiff,** | : | |
| | : | **Judge Sylvia H. Rambo** |
| **v.** | : | |
| | : | ***Electronically Filed Document*** |
| **JOSH SHAPIRO, *in His Official Capacity as Attorney General of the Commonwealth of Pennsylvania*** | : | |

**CERTIFICATE OF SERVICE**

I, Alexander T. Korn, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on September 9, 2020, I caused to be served a true and correct copy of the foregoing document titled Brief in Support of Defendant's Motion for Judgment on the Pleadings to the following:

**VIA ELECTRONIC FILING**

**Douglas Daniel Herrmann**
Pepper Hamilton LLP
1313 Market Street, Suite 5100
P.O. Box 1709
Wilmington, DE 19899-1709
302-777-6552
herrmannd@pepperlaw.com
*Counsel for Plaintiff*

**Richard J. Zack, Esquire**
**Brian M. Nichilo, Esq.**
Pepper Hamilton LLP
3000 Two Logan Square
18th and Arch Streets
Philadelphia, PA 19103-2799
(215) 981-4000
zackr@pepperlaw.com
nichilob@pepperlaw.com
*Counsel for Plaintiff*

***s/ Alexander T. Korn***
**ALEXANDER T. KORN**
**Deputy Attorney General**