IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION - CIVIL

Filed and Attested by the
Office of Judicial Records
26 AUG 2020 02:16 pm
F. HEWITT

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA<br>Acting by Attorney General JOSH SHAPIRO,<br><br>Petitioner,<br><br>v.<br><br>AUTO EQUITY LOANS OF DELAWARE, LLC<br>4701 Kirkwood Highway<br>Wilmington, DE 19808,<br><br>Respondent. | TERM _____<br><br>NO. _____<br><br>CIVIL ACTION- EQUITY |

### ORDER

**AND NOW,** this _____ day of _____, 2020, Respondent Auto Equity Loans of Delaware, LLC is hereby ordered to comply with the Subpoena issued and served on June 25, 2020 by the Commonwealth of Pennsylvania, Office of Attorney General. Respondent is hereby ordered to:

1.  Produce all information and documents specified in the above-mentioned Subpoena within ten (10) days of the date of this Court's Order;

2.  Pay the court costs incurred by the Commonwealth in filing this Motion in the amount of Three Hundred Thirty-Three and 23/100 Dollars ($333.23).

BY THE COURT

_____
                                                                                J.

1

Case ID: 200802235
Control No.: 20082454

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION - CIVIL

| | |
|---|---|
| **COMMONWEALTH OF PENNSYLVANIA** Acting by Attorney General JOSH SHAPIRO, : : : Petitioner, : : v. : : **AUTO EQUITY LOANS OF DELAWARE, LLC** 4701 Kirkwood Highway Wilmington, DE 19808, : : : : : Respondent. : : | TERM _____ NO. _____ CIVIL ACTION- EQUITY |

### MOTION TO COMPEL COMPLIANCE WITH SUBPOENA OF THE OFFICE OF ATTORNEY GENERAL

The Commonwealth of Pennsylvania, acting by Attorney General Josh Shapiro, (hereinafter the "Commonwealth"), respectfully files this Motion to Compel Compliance with a Subpoena issued and served by the Commonwealth of Pennsylvania, Office of Attorney General, pursuant to § 919 of the Administrative Code, 71 P.S. § 307-3. In support thereof, the Commonwealth alleges the following:

1. Petitioner is the Commonwealth of Pennsylvania, acting by Attorney General Josh Shapiro, with offices located at 1600 Arch Street, Suite 300, Philadelphia, Pennsylvania 19103 and Strawberry Square, 15th Floor, Harrisburg, Pennsylvania 17120.

2. Respondent Auto Equity Loans of Delaware, LLC (hereinafter, "AEL" or "Respondent") conducts business at 4701 Kirkwood Highway, Wilmington, DE 19808 and engages in trade and commerce within the Commonwealth of Pennsylvania through the operation of a vehicle title loan business.

2

3. Upon information and belief, Respondent engages in trade and commerce within the Commonwealth of Pennsylvania by: issuing loans to consumers who reside in and have a vehicle registered in Pennsylvania, placing liens on such consumers' vehicles with the Pennsylvania Department of Transportation, repossessing cars from consumers in Pennsylvania, selling these repossessed cars at motor vehicle auctions in Pennsylvania, and collecting debt from consumers in Pennsylvania.

4. The Commonwealth is conducting an investigation into the business practices of Respondent, pursuant to § 919 of the Act of April 9, 1929, (P.L. 177), 71 P.S. §§ 307-2, *as amended*.

5. On August 15, 2018, the Commonwealth issued a voluntary Request for Information from Auto Equity Loans of Delaware, LLC via Email and U.S. Mail to Mr. Douglas D. Herrmann, Counsel for Respondent (hereinafter "Mr. Herrmann"). Respondent did not respond to the Request for Information.

6. The Commonwealth, pursuant to the authority granted to it by the Administrative Code, 71 P.S. § 307-3, issued a Subpoena to Respondent on June 25, 2020 (hereinafter "Subpoena"), requesting that it supply the Commonwealth with information and documents relating to its inquiry. The Commonwealth served the Subpoena via U.S. Mail and E-mail to Mr. Herrmann. A true and correct copy of the Subpoena is attached hereto and incorporated herein as *Exhibit "A"*.

7. Respondent was required to provide full and complete responses and produce documents by July 24, 2020.

Case ID: 200802235
Control No.: 20082454

8.  Respondent's counsel, Richard J. Zack, acknowledged receipt of the Subpoena by phone on July 1, 2020 and subsequently spoke with the Commonwealth's attorney about the Subpoena by phone on July 6, 2020 and July 14, 2020.

9.  Respondent's counsel informed the Commonwealth that Respondent was considering whether or not to respond to the Subpoena. On all three of these phone conversations, Respondent's counsel did not raise any concerns with the breadth of the information and documents requested by the Subpoena. Nor did counsel raise concerns with the Subpoena's deadline.

10. Respondent never requested an extension of the deadline to respond to the Subpoena, nor did it provide any reason why its response would be delayed.

11. Respondent failed to provide any responses to or documents requested in the Subpoena.

12. The Commonwealth issued the Subpoena to Respondent in compliance with the law and provided Respondent with a reasonable amount of time to comply with the request.

13. According to 71 P.S. § 307-3:

> The Attorney General shall be authorized to require the attendance and testimony of witnesses and the production of any books, accounts, papers, records, documents, and files relating to any commercial and trade practices which the Bureau of Consumer Protection has authority to investigate and conduct private or public hearings; and, for this purpose, the Attorney General or his representative may sign subpoenas. . . .

71 P.S. § 307-3.

14. The Administrative Code clearly entitles the Commonwealth to subpoena the information requested from Respondent pursuant to 71 P.S. § 307-3.

15. This Court is a proper forum for this Motion pursuant to 71 P.S. § 307-3.

Case ID: 200802235
Control No.: 20082454

16. The proper means for enforcing subpoenas issued by the Commonwealth is a Motion to Compel Compliance.

17. Respondent's refusal to comply with the Commonwealth's lawfully issued Subpoena is grounds for this Court to grant the Commonwealth the costs of filing this action.

18. The Attorney General may invoke the aid of the Court of Common Pleas of Philadelphia County, Pennsylvania and such Court may thereupon issue an order requiring the person subpoenaed to obey the subpoena and produce the documents relative to the matter in question.  71 P.S. § 307-3(a).

19. The Subpoena was within the authority and scope granted to the Attorney General by 71 P.S. §§ 307-1 – 307-6, *as amended*.  Therefore, Respondent should be ordered by this Court to obey the Subpoena and produce to the Commonwealth any and all information and documents requested therein.

**WHEREFORE**, the Commonwealth respectfully requests that this Honorable Court issue an order requiring Respondent to pay the court costs incurred by the Commonwealth to file this action in the amount of Three Hundred Thirty-Three and 23/100 Dollars ($333.23) and direct Respondent to fully comply with the Subpoena and furnish to the Commonwealth all information and documents requested therein within ten (10) days of the date of this Court's Order.

[Signature Page Follows]

Respectfully submitted,

COMMONWEALTH OF PENNSYLVANIA
JOSH SHAPIRO
*Attorney General*

Date:   August 26, 2020            By:   */s/ Nicholas F. B. Smyth*
                                                   NICHOLAS F. B. SMYTH
*Senior Deputy Attorney General*
Attorney I.D. #307972
Commonwealth of Pennsylvania
Office of Attorney General
1600 Arch Street, Suite 300
Philadelphia, Pennsylvania 19103
Telephone: (412) 880-0475
nsmyth@attorneygeneral.gov

6

Case ID: 200802235
Control No.: 20082454

# Exhibit A

Case ID: 200802235
Control No.: 20082454

**COMMONWEALTH OF PENNSYLVANIA**
**OFFICE OF ATTORNEY GENERAL**

IN THE MATTER OF:                                                                    20-215-NFS/KLP

AUTO EQUITY LOANS OF DELAWARE, LLC
Inv. No. BCP-18-10-000168

## SUBPOENA

**TO:**
Auto Equity Loans of Delaware, LLC
c/o Douglas D. Herrmann
Pepper Hamilton LLP
1313 N. Market St, Suite 5100
Wilmington, DE 19899-1709


YOU ARE HEREBY DIRECTED to produce, deliver or cause to be delivered, via E-mail to Assistant Director Nicholas Smyth at nsmyth@attorneygeneral.gov, no later than the close of business on **July 24, 2020**, the following information and/or copies of documents relating to all vehicle title loans you made to consumers who have resided in or had a vehicle registered in Pennsylvania during the time period described below ("Vehicle Title Loans"). Unless otherwise noted, for the purposes of this subpoena, the relevant time period is January 1, 2016 to June 30, 2020:

1. The name, address, account number, phone number, and email address of each borrower and co-borrower;

2. The date of the Vehicle Title Loan or pledge;

3. The initial principal balance of the Vehicle Title Loan;

4. The amount of any and all charges, interest, fees or other considerations including, but not limited to, interest charges, finance charges, renewal fees;

5. The complete payment records for each Vehicle Title Loan;

6. The status or balance of the Vehicle Title Loan;

7. If the Vehicle Title Loans have been transferred to a third party such as another lender or collection agency, when such transfer occurred, and the contact information for the third party;

Case ID: 200802235
Control No.: 20082454

8. The status of any motor vehicle offered as collateral (or any other personal property offered as collateral for a loan), e.g. under contract for repossession, redeemed by consumer, repossessed, sold, in storage, etc.;

9. A list of all borrowers whose motor vehicles have been repossessed (including borrowers who subsequently redeemed the loan);

10. For each motor vehicle repossessed, the name and address of the company that repossessed the vehicle;

11. For each motor vehicle auctioned or otherwise sold, the name and address of the company that auctioned or sold the vehicle, and the name and address of the purchaser;

12. Any credit or judgment information furnished to any consumer reporting agencies;

13. A list of all liens which you have or had on vehicles registered in Pennsylvania;

14. A list of any outstanding lawsuits or judgments you have against consumers who have resided in or had a vehicle registered in Pennsylvania during the relevant time period;

15. Provide copies of any and all documents, including, but not limited to, correspondence, e-mails, notes, memoranda or other documents, related in any way to complaints, oral or written, by or related to Pennsylvania customers regarding a Vehicle Title Loan, for the period from January 1, 2018 to June 30, 2020. For each complaint, identify the name and address of the customer and response of Auto Equity Loans of Delaware, LLC ("Respondent");

16. Documents, or a list which may be prepared and submitted in lieu thereof, setting forth the following information regarding each investigation by a public law enforcement body involving the Respondent:
    a. name of the public law enforcement body/entity and contact person;
    b. subject matter of the investigation;
    c. date you became aware of the investigation;
    d. modifications to business made in light of investigation; and
    e. status of the investigation.

17. A list of all business names used by Respondent and the type of entity (i.e., corporation, partnership, sole proprietorship) through which the Respondent does business;

18. Any and all documents, or a detailed written description which may be prepared and submitted in lieu thereof, showing Respondent's organizational structure including parent(s) and all subsidiary and/or affiliated companies (*i.e.,* corporate chart). Additionally, provide any and all documents, or a list which may be prepared and submitted in lieu thereof, identifying the function, address and telephone numbers of each entity in the structure;

19. Proof of current registration within the Commonwealth of Pennsylvania pursuant to the Business Corporation Law (15 Pa. C.S.A. Sec. 1101, et seq.) and/or the Fictitious Names

Case ID: 200802235
Control No.: 20082454

Act (54 Pa. C.S.A. Sec. 301, et seq.) whichever is appropriate for Respondent, including a list of all business names used by Respondent. If Respondent is organized and/or incorporated in a jurisdiction other than the Commonwealth of Pennsylvania, provide proof that Respondent has applied for and been issued a Certificate of Authority to engage in commerce within the Commonwealth of Pennsylvania pursuant to the Foreign Business Corporation Law, 15 Pa. C.S.A. § 4124;

20. Records and documents sufficient to identify all of Respondent's personnel, or any other individuals working on behalf of or at the direction of Respondent, who traveled to Pennsylvania in the course of their professional duties or responsibilities; the date of travel to Pennsylvania; the location in Pennsylvania where the travel occurred; the purpose of the travel; and the name of all Pennsylvania residents to whom the travel related;

21. Documents or a list which may be prepared and submitted in lieu thereof, setting forth any and all offices or places of business used by Respondent.  For each office or place of business, please state and/or provide:
    a. Mailing address;
    b. All telephone numbers;
    c. Leasing or purchase agreements; and
    d. Dates during which Respondent used such offices or places of business;

22. True and correct copies of any and all advertised and promotional materials/literature of Respondent distributed or made available to current or prospective customers in any medium including, but not limited to, brochures, postcards, mailers, direct mail, flyers, Internet, social media, websites and the like related to Vehicle Title Loans;

23. Copies of all policies and procedures concerning the origination of Vehicle Title Loans by Respondent;

24. Copies of all policies and procedures concerning the servicing of Vehicle Title Loans by Respondent, including but not limited to payments made by borrowers, collection activities on delinquent accounts, and the repossession of motor vehicles;

25. Copies of all policies and procedures concerning Respondent's marketing activities;

26. Copies of all policies and procedures concerning Respondent's solicitation of potential customers, including any protocol, practice or custom that applies when potential customers contact an Respondent centralized customer service center or a particular Respondent retail location; and

27. The complete consumer files, including but not limited to correspondence, e-mails, notes, memoranda, contracts, agreements, payment histories, for the following consumers:
    a. Rikki Straley
    b. William Hardy
    c. Kelley Koerner
    d. Valentina Saint Gourdin
    e. Edward Rayfield

Case ID: 200802235
Control No.: 20082454

      f.  Marie Kapes
      g.  David Pearson

    This Subpoena is issued under authority granted to the Attorney General by § 919 of the Act of April 9, 1929, (P.L. 177), 71 P.S. § 307-3, as amended.

                                                        COMMONWEALTH OF PENNSYLVANIA
                                                        JOSH SHAPIRO
                                                        ATTORNEY GENERAL

Dated: June 25, 2020        By:      _____*/s/ Nicholas F. B. Smyth*_____
                                                  Nicholas F. B. Smyth
                                                  Senior Deputy Attorney General

          **FAILURE TO COMPLY WITH THIS SUBPOENA MAY RESULT
          IN A SUBPOENA ENFORCEMENT ACTION BEING FILED
               AGAINST YOU PURSUANT TO 71 P.S. § 307-3.**

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION - CIVIL

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA Acting by Attorney General JOSH SHAPIRO,<br><br>Petitioner,<br><br>v.<br><br>AUTO EQUITY LOANS OF DELAWARE, LLC<br>4701 Kirkwood Highway<br>Wilmington, DE 19808,<br><br>Respondent. | TERM _____<br><br>NO. _____<br><br>CIVIL ACTION- EQUITY |

## VERIFICATION

I, Kathryn L. Passarelli, state that I am a Consumer Protection Agent Supervisor for the Commonwealth of Pennsylvania, Office of Attorney General, and that I am authorized to make this Verification on behalf of Petitioner in the within action. I hereby verify that the facts set forth in the foregoing *Motion to Compel Compliance with Subpoena of the Office of Attorney General* are true and correct to the best of my knowledge or information and belief.

I understand that the statements contained herein are subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsification to authorities.

Date: 8/26/2020

Kathryn L. Passarelli

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION - CIVIL

| | |
|---|---|
| **COMMONWEALTH OF PENNSYLVANIA** Acting by Attorney General JOSH SHAPIRO, : : : Petitioner, : : v. : TERM _____ : **AUTO EQUITY LOANS OF DELAWARE, LLC** : 4701 Kirkwood Highway : NO. _____ Wilmington, DE 19808, : : Respondent. : CIVIL ACTION- EQUITY : | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the Commonwealth of Pennsylvania's *Motion to Compel Compliance with Subpoena of the Office of Attorney General*, Memorandum of Law in Support of the Commonwealth's *Motion*, and Proposed Order, all for the above captioned matter, were served on the following counsel for Respondent via First Class Mail and email (Richard.zack@troutman.com) on August 26, 2020:

    Richard J. Zack, Troutman Pepper Hamilton Sanders LLP
    Counsel for Auto Equity Loans of Delaware, LLC
    3000 Two Logan Square
    Philadelphia, PA 19103

Date:  August 26, 2020            By:    /s/ Nicholas F. B. Smyth
                                                              NICHOLAS F. B. SMYTH
                                                              *Senior Deputy Attorney General*
                                                              Attorney I.D. #307972
                                                              Commonwealth of Pennsylvania
                                                              Office of Attorney General
                                                              1600 Arch Street, Suite 300
                                                              Philadelphia, Pennsylvania 19103
                                                              Telephone: (412) 880-0475
                                                              nsmyth@attorneygeneral.gov

Case ID: 200802235
Control No.: 20082454

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION - CIVIL

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA<br>Acting by Attorney General<br>JOSH SHAPIRO,<br><br>     Petitioner,<br><br>     v.<br><br>AUTO EQUITY LOANS OF DELAWARE, LLC<br>4701 Kirkwood Highway<br>Wilmington, DE 19808,<br><br>     Respondent. | _____TERM, 2020<br><br>NO. _____<br><br>CIVIL ACTION- EQUITY |

**MEMORANDUM OF LAW IN SUPPORT OF THE COMMONWEALTH'S
MOTION TO COMPEL COMPLIANCE WITH SUBPOENA
OF THE OFFICE OF ATTORNEY GENERAL**

I. SUMMARY OF ARGUMENT

  The Commonwealth of Pennsylvania, acting by Attorney General Josh Shapiro, ("Commonwealth") is conducting an investigation into the business practices of Respondent. The Commonwealth is authorized to issue and serve a Subpoena to Respondent under 71 P.S. §§ 307-1 – 307-6, *as amended*. The Subpoena was properly issued and served and is within the scope of the authority granted to the Attorney General in § 919 of the Act of April 9, 1929, (P.L. 177), 71 P.S. §§ 307-1 – 307-6, *as amended*. Therefore, relief as requested herein by the Commonwealth should be granted, and Respondent should be ordered by this Court under 71 P.S. § 307-3(a) to obey the Subpoena and produce the information and documents requested therein.

1

II.     ARGUMENT

    A.     The Subpoena Was Properly Authorized by the Power Granted to the Attorney General in § 919 of the Act of April 9, 1929, (P.L. 177), 71 P.S. §§ 307-1 – 307-6, *as amended.*

In the matter currently pending before this Court, there are no material issues of fact in dispute and it is clear that the Commonwealth is entitled to judgment as a matter of law.

On June 25, 2020, the Commonwealth served Respondent with the Subpoena (hereinafter "Subpoena") under the authority granted to the Attorney General by 71 P.S. §§ 307-1 – 307-6, *as amended*.

> The Attorney General shall be authorized to require the attendance and testimony of witnesses and the production of any books, accounts, papers, records, documents and files relating to any commercial and trade practices which the Bureau of Consumer Protection has authority to investigate and conduct private or public hearings; and, for this purpose, the Attorney General or his representative may sign subpoenas, administer oaths or affirmations, examine witnesses and receive evidence during any such investigation or public or private hearing.  In case of disobedience of any subpoena or the contumacy of any witness appearing before the Attorney General or his representative, the Attorney General or his representative may invoke the aid of the Commonwealth Court or any court of record of the Commonwealth, and such court may thereupon issue an order requiring the person subpoenaed to obey the subpoena or to give evidence or to produce books, accounts, papers, record, documents and files relative to the matter in question.  Any failure to obey such order of the court may be punished by such court as a contempt thereof.

71 P.S. § 307-3(a).

The Subpoena requires Respondent to produce records, documents and files relating to the commercial and trade practices of Respondent, which the Bureau of Consumer Protection has authority to investigate.[1]  Respondent engaged in trade and commerce within the Commonwealth

---

[1]    Under 71 P.S. § 307-2, the Bureau of Consumer Protection has the power and duty:

"(1)  To investigate commercial and trade practices in the distribution, financing and furnishing of goods and services to or for the use of consumers in order to determine if such practices are detrimental to the public interest, and to conduct studies, investigations

2

of Pennsylvania by: (1) making vehicle title loans to Pennsylvania residents for vehicles registered in Pennsylvania, (2) placing liens on such consumers' vehicles with the Pennsylvania Department of Transportation, (3) repossessing cars from consumers in Pennsylvania, (4) selling these repossessed cars at motor vehicle auctions in Pennsylvania; and (5) collecting debt from consumers in Pennsylvania. The Commonwealth has the power and the duty to issue a Subpoena in order to investigate commercial and trade practices in the distribution, financing and furnishing of goods and services to or for the use of consumers in order to determine if such practices are detrimental to the public interest, and to conduct studies, investigations and research in matters affecting consumer interest. 71 P.S. § 307-2(1). The Commonwealth also has the power and duty to investigate fraud, misrepresentation and deception in the sale, servicing and financing of consumer goods and products. 71 P.S. § 307-2(2).

    The Commonwealth is granted broad scope and authority to request information and/or documents through the use of administrative subpoenas. As described above, Respondent is and/or was engaged in trade and commerce within the Commonwealth of Pennsylvania in multiple respects. Thus, Respondent is within the authority and jurisdiction of the Commonwealth's Subpoena. In <u>United States v. Morton Salt Co.</u>, 338 U.S. 632, 652, 70 S.Ct. 357, 369 (1950), the Supreme Court addressed the question of the scope of administrative subpoenas:

---

and research in matters affecting consumer interest, advise the executive and legislative branches on matters affecting consumer interest, assist in developing executive policies and develop draft and propose legislative programs to protect the consumer.

(2) To investigate fraud, misrepresentation and deception in the sale, servicing and financing of consumer goods and products. To promote consumer education and to publicize matters relating to consumer frauds, deception and misrepresentation.

(3) To do such other acts as may be incidental to the exercise of its powers and functions." 71 P.S. § 307-2.

3

> Even if one were to regard the request for information in this case as caused by nothing more than official curiosity, nevertheless law enforcing agencies have a legitimate right to satisfy themselves that corporate behavior is consistent with the law and the public interest.

Id. at 652.

In Pennsylvania Crime Commission v. Nacrelli, 5 Pa. Commw. 551, 1972 WL 14692 (1972), the Court stated that the determination of the appropriate scope of a subpoena should be properly left to the agency involved:

> [T]his Court has said many times since its inception that it will not substitute its judgments for that of any administrative agency of this Commonwealth in discretionary matters. We are bound to follow the law in this Commonwealth which clearly says that this Court may not interfere until an agency has committed a manifest abuse of discretion or committed an error of law (emphasis added).

Id. at 574, *11.

Therefore, the Commonwealth's requests in the Subpoena are clearly within the broad authority granted under 71 P.S. §§ 307-1 – 307-6, *as amended*.

The Attorney General has the authority to investigate the commercial and trade practices of Respondent, to conduct investigations in matters affecting consumer interest, and to investigate fraud, misrepresentation and deception. The Attorney General had the authority and discretion to subpoena the information and documents of Respondent as requested in the Subpoena. The Commonwealth's Subpoena was neither overly broad nor burdensome. In three phone conversations between counsel for the Commonwealth and counsel for Respondent, Respondent's counsel did not raise any concerns with the breadth of the information and documents requested by the Subpoena. Nor did counsel raise concerns with the Subpoena's deadline. Respondent has failed to provide any of the requested information. The Subpoena issued by the Commonwealth was within the authority and scope granted to the Attorney General in § 919 of the Act of April 9, 1929, (P.L. 177), 71 P.S. §§ 307-1 – 307-6, *as amended*.

4

  B. <u>Respondent Should be Ordered to Obey the Subpoena and Produce the Information and Documents Requested Therein.</u>

71 P.S. § 307-3(a) provides that the Attorney General may invoke the aid of the Court of Common Pleas, and such Court may thereupon issue an order requiring the person subpoenaed to obey the subpoena and produce the documents relative to the matter in question. As discussed above, the Subpoena issued by the Commonwealth is within the authority and scope granted to the Attorney General by 71 P.S. §§ 307-1 – 307-6, *as amended*. Therefore, Respondent should be ordered by this Court to obey the Subpoena and produce to the Commonwealth any and all information and documents requested therein.

III. <u>CONCLUSION</u>

The Commonwealth is granted broad scope and authority to request information and/or documents through the use of administrative subpoenas. The Subpoena served upon Respondent was properly issued and is within the scope of the authority granted to the Attorney General in § 919 of the Act of April 9, 1929, (P.L. 177), 71 P.S. §§ 307-1 – 307-6, *as amended*. Therefore, relief as requested herein by the Commonwealth should be granted, Respondent should be ordered by this Court under 71 P.S. § 307-3(a) to obey the Subpoena, produce the information and documents requested therein and pay the Commonwealth's court costs for having to file this action.

            Respectfully Submitted,

            COMMONWEALTH OF PENNSYLVANIA
            JOSH SHAPIRO
            *Attorney General*

Date: __August 26, 2020__   By: ___*/s/ Nicholas F. B. Smyth*___
            NICHOLAS F. B. SMYTH
            *Senior Deputy Attorney General*
            Attorney I.D. #307972

Commonwealth of Pennsylvania
Office of Attorney General
1600 Arch Street, Suite 300
Philadelphia, Pennsylvania 19103
Telephone: (412) 880-0475
nsmyth@attorneygeneral.gov

Case ID: 200802235
Control No.: 20082454