**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| AUTO EQUITY LOANS OF DELAWARE, LLC, | : | |
| | : | |
| | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | No. 1:19-cv-1590 |
| v. | : | |
| | : | (Judge Sylvia H. Rambo) |
| JOSH SHAPIRO, in His Official Capacity as Attorney General of the Commonwealth of Pennsylvania, | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| Defendant. | : | |
| | : | |

**PLAINTIFF AUTO EQUITY'S RESPONSE IN OPPOSITION TO
DEFENDANT JOSH SHAPIRO'S MOTION FOR JUDGEMENT
ON THE PLEADINGS**

Auto Equity, a Delaware-based and Delaware-regulated business, has

challenged the Attorney General's ongoing attempt to regulate commercial activity

that takes place wholly outside the Commonwealth of Pennsylvania in violation of

the Commerce and Due Process Clauses of the United States Constitution.  For

nearly a year, the Attorney General argued that Auto Equity had filed this federal

suit *too soon*—claiming the matter was not ripe for adjudication because his office

had merely sent a letter to Auto Equity requesting documents.  But this Court and

the District of Delaware (where this case originated) both found his arguments

unpersuasive.  Auto Equity's constitutional claims are in fact ripe for adjudication

in federal court.

Now, with his ripeness argument foreclosed and in the midst of discovery nearly two years after Auto Equity filed this federal suit, the Attorney General argues that it is *too late*—claiming his very recently filed state court action to compel compliance with his equally recent subpoena for records takes precedence.  In the Attorney General's view, there is no right time for Auto Equity to have its federal claims heard in federal court.

But abstention is the 'exception, not the rule,'" and should be invoked sparingly only in "exceptional circumstances," which are not present here.  *Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 78, 82 (2013).  It is a doctrine that is meant to protect principles of comity, not promote the type of maneuvering the Attorney General is engaging in here.  *See Cradle of Liberty Council, Inc. v. City of Phila.*, No. 08-2429, 2010 U.S. Dist. LEXIS 1082, at *11-12 (E.D. Pa. Jan. 7, 2010) ("[A]t the drop of the *Younger* abstention argument, to abandon the federal forum for a state court favors not the worthy principles of comity, but the principles of forum-shopping and judicial inefficiency.")  Consequently, the Attorney General's motion for judgment on the pleadings should be denied.

I.   **RELEVANT BACKGROUND**

A.   **Auto Equity's Federal Action Against the Attorney General (Sept. 2018)**

Plaintiff Auto Equity is a Delaware-based and Delaware-regulated

business that provides financing to consumers only at its brick-and-mortar offices outside of Pennsylvania.  (Am. Compl., Dkt. 9 ¶ 12.)  It has no offices or employees, nor does it originate loans or provide borrowers with money, in Pennsylvania.  (*Id.* ¶¶ 18, 21.)  All borrowers must travel to and physically enter an Auto Equity office to execute their loan agreements and receive their loan proceeds—none of which are located in Pennsylvania. (*Id.* ¶ 18.)

More than two years ago, the Attorney General, despite his lack of authority outside of Pennsylvania, opened an investigation into Auto Equity's Delaware operations and informed Auto Equity in writing that: an investigation is being conducted into its operations; loans extended to Pennsylvania residents that exceed Pennsylvania's interest rate limits violate Pennsylvania law; and the Attorney General has initiated enforcement actions against out-of-state lenders for making such loans. (*Id.* ¶¶ 7, 33, 34, 36.)

In August 2018, the Attorney General requested that Auto Equity produce numerous records from its offices in Delaware as part of the investigation. (*Id.* ¶ 34; Dkt. 9-2.)  In his request, the Attorney General also suggested (implicitly threatened) that a subpoena for the records could be issued if Auto Equity did not produce the records voluntarily.  (*See* Dkt. 9-2 at 6.)  The Attorney General did not, however, issue a subpoena at this time.

In September 2018, Auto Equity initiated this action in the District of

-3-

Delaware seeking declaratory and injunctive relief because of the Attorney General's investigation and threatened extraterritorial imposition of Pennsylvania laws on Auto Equity's Delaware operations in violation of the Commerce and Due Process Clauses of the United States Constitution.  (Dkt. 1; Dkt. 9 ¶¶ 39-47.)

> **B.**    **Attorney General's Motions to Dismiss and for Reconsideration are Denied by Two Federal Courts (<u>Jan. 2019 – Feb. 2020</u>)**

In January 2019, the Attorney General moved to dismiss this federal case for lack of ripeness, among other grounds, or, in the alternative, to have the matter transferred from the District of Delaware to this Court.  (Dkts. 10, 11.)  In his motion, the Attorney General argued that the matter was not ripe for adjudication (was brought *too soon*) because Auto Equity "cannot support anything more than the fact that the Attorney General's Office requested certain documents pertaining to Pennsylvania residents and/or vehicles registered in the Commonwealth."  (Dkt. 11 at 18.)

In September 2019, the Delaware court disagreed, finding that Auto Equity's "challenge to Defendant's authority to investigate it" was a matter ripe for adjudication in federal court.  (Dkt. 16 at 13.)  The Delaware court did, however, grant the Attorney General's request to have the matter transferred to this Court. (*Id.* at 21.)  The Attorney General did not issue Auto Equity a subpoena for records at that time.

In the same month, after the matter was transferred to this Court, the

Attorney General filed a motion for reconsideration, again arguing that the matter was not ripe for adjudication (was brought *too soon*).  (Dkt. 22 at 2 ("AEL's claims are unripe because AEL does not (and cannot) allege that the Attorney General has taken any steps to enforce its request.").)

       In February 2020, this Court disagreed and affirmed the Delaware court's decision, explaining the Delaware court "did not overlook any facts, arguments, or law."  (Dkt. 30 at 8.)  The Attorney General filed his Answer shortly thereafter.  He did not issue Auto Equity a subpoena for records at that time.

### C.    Attorney General and Auto Equity Proceed with Discovery in this Federal Court (<u>Mar. 2020 through Present</u>)

       In March 2020, this Court scheduled a case management conference. (Dkt. 33.)  Pursuant to the Court's instructions, the parties worked together to prepare a joint case management plan beforehand, which was filed the next month and set forth the parties' respective views on the principle issues in the case, the number of depositions and written discovery requests being sought, and suggested time frames for discovery and dispositive motions.  (Dkt. 34.)  While Auto Equity informed the Court it was considering filing a motion to stay the proceedings pending the resolution of *TitleMax of Delaware, Inc., et al. v. Weissmann*, No. 17-1325 (D. Del.), a case with the same counsel and issues and fully briefed motions for summary judgment, the Attorney General was silent on any motions he anticipated filing that might have a significant impact on this litigation.  (Dkt. 34 at

4.)

In April 2020, the Court entered the case management order, which set forth deadlines for fact discovery, dispositive motions, and trial.  (Dkt. 36.)  In June 2020, pursuant to the Court's case management order, the Attorney General served Auto Equity with requests for production of documents and interrogatories. The Attorney General had not yet issued Auto Equity a subpoena for records.

In the months that followed, counsel for the parties worked together cooperatively to narrow the scope of several of the Attorney General's discovery requests and reached agreement on the initial nature and scope of Auto Equity's document production and related responses.  While Auto Equity has not made any productions to date, the company has been engaged in the process of collecting and reviewing potentially responsive records, many of which are maintained in paper format.  Discovery is ongoing in this federal action.  (*See* Dkt. 36 at 2.)

### D.   Attorney General Initiates a State Proceeding While Discovery is Underway in this Federal Action (<u>Aug. 2020</u>)

On August 26, 2020, nearly two years after this federal action was filed and while discovery was ongoing, the Attorney General filed a petition in the Philadelphia Court of Common Pleas to compel Auto Equity to comply with a subpoena for records dated June 25, 2020—a subpoena that included requests for many, if not all, of the same records sought in the Attorney General's August 2018

letter and the June 2020 written discovery requests.  (*E.g.*, Dkts. 9-2, 41-1, 41-2.)[1]
While the Attorney General *did* inform the Philadelphia court that he sent Auto
Equity a letter requesting documents in August 2018, the Attorney General *did not*
inform the court of this pending federal action.  (Dkt. 41-2 at 3.)  Rather, the
Attorney General represented to the court that Auto Equity's counsel in this matter
"did not raise any concerns with the breadth of the information and documents
requested by the Subpoena," even though the Attorney General and Auto Equity
were in the midst of discovery in a two-year-old federal action challenging the very
ability of the Attorney General to investigate and regulate Auto Equity's Delaware-
based operations.  (*See id.* at 4.)

On August 31, 2020, without being properly served or given an
adequate opportunity to respond, the Philadelphia court entered an order
compelling compliance with the Attorney General's subpoena.  (Dkt. 41-3.)

On September 9, 2020, the Attorney General filed a motion for
judgment on the pleadings asking this Court to abstain from deciding the merits of
this case, pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), given the
Philadelphia court's August 31, 2020 order.  (Dkts. 41, 42.)

On September 18, 2020, following Auto Equity's motion for

---

[1] Counsel of record for the Attorney General in the state proceeding is not
the same as counsel of record in this federal matter.

reconsideration, the Philadelphia court vacated its order and gave Auto Equity ten

days to file a response to the Attorney General's subpoena enforcement petition

(subsequently adjusted to October 1, 2020).  (Ex. 1.)

## II.     LEGAL STANDARD

When deciding a motion for judgment on the pleadings, "a court must

consider the facts alleged in the pleadings and the inferences drawn from these

facts in the light most favorable to the nonmoving party."  *Forrest v. Genpact*

*Servs., LLC*, 962 F. Supp. 2d 734, 735 (M.D. Pa. 2013).  Moreover, the "motion

may only be granted if there are no factual allegations in the pleadings which, if

proven, would allow the nonmoving party to recover."  *Id.*

## III.    ARGUMENT

### A.    Abstention Does Not Apply because Auto Equity is Not Seeking to Enjoin Any Aspect of the Subpoena Enforcement Proceeding.

Abstention from "the exercise of federal jurisdiction is the 'exception,

not the rule.'"  *Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 82 (2013)

(citation omitted).  In *Sprint*, the Supreme Court reaffirmed that "a federal court's

'obligation' to hear and decide a case is 'virtually unflagging,'" where, as here, the

court has jurisdiction.  571 U.S. at 77 (citation omitted).  And "[p]arallel state-

court proceedings do not detract from that obligation."  *Id.*  As such, a federal court

may only exercise its discretion to abstain under *Younger* in three specifically

enumerated "'exceptional circumstances,'" none of which, as explained further

below, apply here.  *See id.* at 78 (citation omitted).

As an initial matter, this case does not present the typical situation that implicates *Younger*, where a federal court has been asked to enjoin a state court proceeding.  *See Sprint*, 571 U.S. at 72 (explaining that there are "certain instances in which the prospect of undue interference with state proceedings counsels again federal relief").  Auto Equity has not asked this Court to enjoin the issuance of the Attorney General's subpoena, nor has it requested that this Court enjoin the proceeding related to the subpoena in the Philadelphia Court of Common Pleas.  In fact, the "prospect of undue interference with state proceedings" was not even a possibility when Auto Equity filed this federal suit two years ago, because neither the subpoena nor the state proceeding were even a reality.

What Auto Equity is seeking in this Court is a determination that the Attorney General cannot apply Pennsylvania laws to conduct wholly outside of Pennsylvania.[2]  The mere fact that a state proceeding now suddenly exists that may have some overlap in issues does not mean that abstention is warranted.  *See id.* at

---

[2] More specifically, Auto Equity is seeking the same type of relief granted by a federal court in the Southern District of Indiana (affirmed by the Seventh Circuit) to a similarly situated lender.  *See, e.g., Midwest Title Loans, Inc. v. Ripley*, No. 07-1479, 2009 U.S. Dist. LEXIS 30261, at *30-31 (S.D. Ind. Apr. 3, 2009) ("For the foregoing reasons, Ind. Code § 24-4.5-1-201(d) is hereby ruled unconstitutional as applied to Midwest Title to regulate title loans made wholly in the state of Illinois; and Midwest Title is entitled to a permanent injunction against IDFT's application of the IUCCC to loans made wholly in the state of Illinois to Indiana residents.")

72 ("Abstention is not in order simply because a pending state-court proceeding involves the same subject matter.")  For that reason alone, the Attorney General's motion should be denied.

### B.   Abstention Does Not Apply Because the State Proceeding Was Not Pending When This Federal Action Began.

Because this federal action had been litigated for nearly two years before the Attorney General initiated the state court action, abstention is inappropriate.  *Younger* abstention may be warranted only when "there are ongoing state proceedings that are judicial in nature."  *Miller v. Mitchell*, 598 F.3d 139, 146 (3d Cir. 2010).  Absent a "*pending* proceeding[] in state tribunals . . . application . . . of *Younger* abstention [is] clearly erroneous."  *Ankenbrandt v. Richards*, 504 U.S. 689, 705 (1992) (emphasis in original).  While a state action need not predate a federal action, the state action must be commenced "before any proceedings of substance on the merits have taken place in federal court," *Hicks v. Miranda*, 422 U.S. 332, 349 (1975), or while "the federal litigation [is] in an embryonic stage and no contested matter [has] been decided," *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 929 (1975); *accord Moreno v. Penn Nat. Gaming, Inc.*, 904 F. Supp. 2d 414, 420 (M.D. Pa. 2012).

That is not the case here.  Two different federal forums have issued decisions on the Attorney General's motions to dismiss and transfer this matter, the Court has entered a case management order based on the parties' jointly-filed plan,

and the parties have engaged in discovery pursuant to this federal Court's order—all *before* the Attorney General initiated the state court proceeding. *See, e.g., Tokyo v. Gwinnett, LLC v. Gwinnett Cty., Georgia*, 940 F.3d 1254, 1272 (11th Cir. 2019) (finding *Younger* abstention unwarranted where the parties entered a consent TRO, the defendant answered the complaint, and the court ruled on a motion to dismiss); *Cottonwood Christian Ctr. v. Cypress Redevelopment Agency*, 218 F. Supp. 2d 1203, 1218 n.6 (C.D. Cal. 2002) ("[P]roceedings on the merits commenced in this case when Defendants filed the instant motion to dismiss . . . before filing the state eminent domain action."); *see also Tucker v. Ann Klein Forensic Ctr.*, 174 F. App'x 695, 697-98 (3d Cir. 2006) (finding that *Younger* abstention could not be invoked because the federal court already addressed and resolved the merits of several claims before the state action was filed).

Further, the mere fact that this action has been pending in federal court for two years weighs heavily against abstention. *See, e.g., Nationwide Biweekly Admin., Inc. v. Owen,* 873 F.3d 716, 730 (9th Cir. 2017) ("The amount of time the federal cases had been pending prior to the state case being filed (approximately seven months in the First Amendment case and six months in the Dormant Commerce Clause case) also weighs against *Younger* abstention."); *Merck Sharp & Dohme Corp. v. Conway,* 909 F. Supp. 2d 781, 789 (E.D. Ky. 2012) (holding that "the federal action . . . pending for over seven months" weighs

-11-

in favor of concluding that proceedings of substance had taken place); *Hoye v. City of Oakland*, 653 F.3d 835, 844 (9th Cir. 2011) (pointing to the six months that elapsed between filing of the federal case and filing of the state case as part of the reason for declining abstention).

　　　　In sum, the doctrine of abstention does not allow the Attorney General to close the doors of this Court for Auto Equity after nearly two years of litigating in this federal forum.  His *Younger* abstention request should be denied.

### C.  The Subpoena Enforcement Proceeding Does Not Fit Within Any of the "Exceptional Circumstances" Enumerated by the Supreme Court

　　　　Even assuming the state court action filed just a few weeks ago was somehow found to be pending, that proceeding does not fit within any of the "exceptional circumstances" set forth in *Sprint* that would warrant abstention.  The Attorney General does not (because he cannot) argue that the subpoena enforcement proceeding fits within *Sprint*'s first ("ongoing state criminal prosecutions") or second ("quasi-criminal" civil proceedings) category.  *See Acra Turf Club, LLC v. Zanzuccki*, 748 F.3d 127, 138 (3d Cir. 2014).  Rather, the Attorney General invokes the third *Sprint* category— "'civil proceedings involving orders . . . *uniquely* in furtherance of the state courts' ability to perform their judicial functions.'"  *Sprint*, 571 U.S. at 78 (quoting *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 368 (1989)) (emphasis added).  The

Attorney General's state proceeding does not fit here either.

The Supreme Court has put only two cases into this third *Sprint* category and none involve a subpoena enforcement proceeding.  The first, *Juidice v. Vail*, involved a court's ability to carry through with its "contempt process."  430 U.S. 327, 327 (1977).  In *Juidice*, a party was jailed for contempt of court after failing to respond to a judicial subpoena, missing a contempt hearing, and refusing to pay the fine imposed by the court.  *Id.* at 329-30.  The Supreme Court refused to let the federal suit proceed, but only because the "contempt process" was involved, through which a state "vindicates the regular operation of its judicial system."  *Id.* at 335.  The court, however, did not find that the subpoena enforcement proceeding alone (without the contempt process that followed) involved an order which was "uniquely in furtherance of the state courts' ability to perform their judicial functions."  *Id.* at 335-36.  Here, the Philadelphia court has neither issued an order against Auto Equity (given that the court has since vacated the one entered several weeks ago), nor has the newly filed matter involved any contempt-of-court proceedings.

The other case, *Pennzoil Co. v. Texaco, Inc.*, involved the states' ability to enforce the "judgments of their courts." 481 U.S. 1, 13 (1987).  In *Pennzoil*, the party challenged the constitutionality of a state court's recent judgment issued against it.  *Id.* at 4-7.  The court applied abstention but only

because it drew a parallel between the interest of courts to enforce their contempt process (the issue in *Juidice*) and their interest "in forcing persons to transfer property in response to a court's judgment." *Id.* at 13. As in *Juidice*, the court focused on a state court's ability to *enforce* its judgments but not on the proceedings themselves. *Id.* at 14 n.12 ("Our opinion does not hold that *Younger* abstention is always appropriate whenever a civil proceeding is pending in a state court. Rather, as in *Juidice*, we rely on the State's interest in protecting 'the *authority* of the judicial system, so that its orders and judgments are not rendered nugatory.'") (citation omitted and emphasis added).

In sum, the third *Sprint* category applies only in cases like *Juidice* and *Pennzoil*, where the state court's ability to *enforce* its judgments and orders were themselves being challenged in federal court. *See Schall v. Joyce*, 885 F.2d 101, 109 (3d Cir. 1989) ("In both cases, the parties sought relief in federal court after a judgment had been entered, and in both cases, the relief sought in the federal court would have rendered nugatory, at least to some extent, the effect that the state court judgment would ordinarily have had under state law."). The Attorney General's petition to enforce the subpoena, especially given the fact that the state court has vacated its order, involves neither of these interests.[3] Abstention is not

---

[3] Additionally, the Attorney General has arguably waived any claim of *Younger* abstention by submitting to this federal forum through his transfer request, filing of an answer, and agreement to and engagement in discovery and related case

warranted here.

## IV.    CONCLUSION

For the foregoing reasons, Auto Equity requests that this Court deny

the Attorney General's motion for judgment on the pleadings.

Dated:  September 23, 2020                    Respectfully submitted,

/s/ *Richard J. Zack*
Richard J. Zack (PA 77142)
Brian M. Nichilo (PA 313786)
TROUTMAN PEPPER HAMILTON
SANDERS LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
Tel: (215) 981-4000
Fax: (215) 981-4750
richard.zack@troutman.com
brian.nichilo@troutman.com

Douglas D. Herrmann
TROUTMAN PEPPER HAMILTON
SANDERS LLP
Hercules Plaza, Suite 5100
1313 N. Market Street, P.O. Box 1709
Wilmington, DE 19899-1709
Tel: (302) 777-6560
Fax: (302) 397-2707
douglas.herrmann@troutman.com

*Counsel for Plaintiff Auto Equity Loans
of Delaware, LLC*

---

management processes.  *See See Ohio Bureau of Empl. Servs. v. Hodory*, 431 U.S.
471, 480 (1977) ("If the State voluntarily chooses to submit to a federal forum,
principles of comity do not demand that the federal court force the case back into
the State's own system.").

## **CERTIFICATE OF SERVICE**

I, Richard J. Zack, certify that on September 23, 2020, a true and correct copy of the foregoing was served by ECF on all counsel of record.

*/s/ Richard J. Zack*
Richard J. Zack

# Exhibit 1

**FILED**

15 SEP 2020 08:22 am

Civil Administration

E. MEENAN

## IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
## TRIAL DIVISION – CIVIL

COMMONWEALTH OF PENNSYLVANIA                 :          Case No. 200802235
Acting by Attorney General                   :
JOSH SHAPIRO,                                :
                                             :
                        Petitioner,          :
                                             :
v.                                           :
                                             :
AUTO EQUITY LOANS OF DELAWARE, LLC           :
4701 Kirkwood Highway                         :
Wilmington, DE 19808,                        :
                                             :
                        Respondent.          :
                                             :

### ORDER

AND NOW, this 18th day of September, 2020, upon consideration of Respondent

Auto Equity Loans of Delaware, LLC's Motion for Reconsideration, and any response thereto, it

is hereby **ORDERED** that the Motion is **GRANTED** and the Court's August 31, 2020 Order is

**VACATED**.

It is further **ORDERED** that Respondent shall have ~~thirty (30)~~ ten (10) days to file a response to

Petitioner's Motion to Compel Compliance with Subpoena of the Office of Attorney General.

BY THE COURT

_____ J.

Commonwealth Of Pennsyl-ORDER

20080223500009

Case ID: 200802235
Control No.: 20091436

COPIES SENT PURSUANT TO Pa.R.C.P. 236(b) D. KELLY 09/22/2020