IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AUTO EQUITY LOANS OF DELAWARE, LLC,** | : | Civil No. 1:19-CV-1590 |
| **Plaintiff,** | : | |
| v. | : | |
| **JOSH SHAPIRO, in his official capacity as Attorney General for the Pennsylvania Commonwealth,** | : | |
| **Defendant.** | : | Judge Sylvia H. Rambo |

# M E M O R A N D U M

Before the court are Defendant Josh Shapiro's Motion for Judgment on the Pleadings (Doc. 58) and Plaintiff Auto Equity's Motion for Partial Judgment on the Pleadings (Doc. 60). For the reasons outlined below, the court will deny Plaintiff's motion and grant Defendant's motion in part.

## I. BACKGROUND

Plaintiff Auto Equity Loans of Delaware, LLC is a company based in Delaware that provides car loans to individuals with car title serving as security. Plaintiff alleges that its sole contacts with Commonwealth of Pennsylvania are "Pennsylvania borrowers choos[ing] to travel into a state where Auto Equity operates to obtain a loan," as well as those that are incidental to its "general marketing efforts or to loan agreements that were executed outside of Pennsylvania and governed by the law of Delaware." (Doc. 9, p. 2.)

1

On August 7, 2018, Defendant Josh Shapiro, in his official capacity as the Pennsylvania Attorney General, sent a letter to Plaintiff expressing concern that it was providing loans to Pennsylvania residents with interest rates that exceeded the maximum allowed by Pennsylvania law and explaining the Attorney General's position that Pennsylvania applied regardless of Plaintiff's physical location. (Doc. 9-1, p. 2.) On August 15, 2018, Defendant sent a follow-up letter to Plaintiff that requested information and documents but also made clear that Defendant was not acting pursuant to a formal administrative subpoena. (Doc. 9-1.)

On September 24, 2018, Plaintiff initiated an action against Defendant in the United States District Court for the District of Delaware. (Doc. 1.) The core of Plaintiff's First Amended Complaint is that it operates exclusively in Delaware and that the Attorney General's attempted enforcement of Pennsylvania law against it violates the Interstate Commerce Clause and Due Process Clause of the United States Constitution. Plaintiff alleges that it is in fear of pending enforcement proceedings given the Attorney General's history of filing actions against similar entities. It accordingly requests an "injunction barring the Attorney General from taking any further action against Auto Equity," and a declaration "that the Attorney General has no authority to enforce against Auto Equity . . . any . . . laws or regulations that the OAG is empowered to administer and enforce." (*Id.*, pp. 11, 12.)

On January 24, 2019, Defendant filed a Motion to Dismiss Plaintiff's Amended Complaint or Alternatively for Transfer of Venue, arguing, among other things, that Plaintiff's claims were not ripe and should be properly heard in the Middle District of Pennsylvania. (Doc. 10.) On September 3, 2019, the District of Delaware granted the motion in part, transferring the case to this court and ruling that Plaintiff's sole ripe claim was whether "Defendant's authority even to investigate Plaintiff" was unconstitutional. (Doc. 16, p. 9 (citing *Marathon Petroleum Corp. v. Sec. of Fin. Of Del.*, 876 F.3d 481, 498-99 (3d Cir. 2017).) In support of its ripeness ruling, the District Court expressed agreement with Plaintiff's argument that its claims "raise predominantly legal question that this Court can answer decisively without the need for much, if any, further factual development." (Doc. 16, p. 11.) On September 16, 2019, the case was transferred to this court.

After transfer, the Attorney General moved this court to reconsider the District of Delaware's denial of its motion to dismiss. On February 6, 2020, the court denied the motion. On September 9, 2020, Defendant filed a motion for judgment on the pleadings primarily arguing that the court should abstain pursuant to the *Younger* abstention doctrine due to a pending state court proceeding. On January 21, 2021, the Attorney General filed a letter with the court contending that Plaintiff failed to comply with discovery and requesting a conference to resolve the issue.

3

On January 26, 2021, the court denied Defendant's motion to abstain and directed the parties to move for partial judgment on the pleadings regarding the constitutionality of the Attorney General's attempt to investigate purported violations of Pennsylvania law by Delaware-based business activities. (Doc. 57.) The court did not instruct the parties to brief the question of whether the potential enforcement of Pennsylvania's usury law against Defendant was constitutional, as the issue was not, and is not, yet ripe.

On February 16, 2021, the parties submitted their motions for judgment on the pleadings. (Docs. 58, 60.) Both parties subsequently filed opposition briefs (Docs. 62, 63) and reply briefs (Docs. 67, 68), and the Attorney General submitted a brief written by the Delaware Attorney General arguing that Plaintiff's position would threaten the broad investigative powers to which attorneys general are entitled (Doc. 68-1). This matter is thus ripe for review.

## II. STANDARD OF REVIEW

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). As the Third Circuit has explained:

> A motion for judgment on the pleadings under Rule 12(c) is analyzed under the same standards that apply to a Rule 12(b)(6) motion. Consequently, the court must view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party, and may not grant the motion unless the

> movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law. Thus, in deciding a motion for judgment on the pleadings, a court may only consider the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents.

*Wolfington v. Reconstructive Orthopaedic Assocs. II PC*, 935 F.3d 187, 195 (3d Cir. 2019) (internal quotations omitted).

### III. DISCUSSION

Under Article I, Section 8, Clause III of the United States Constitution, Congress has the authority to "regulate Commerce . . . among the several States." This section has been read by the United States Supreme Court to create "a judicial power to invalidate state laws that interfere improperly with interstate commerce," a doctrine referred to as the dormant Commerce Clause. *A.S. Goldmen & Co. v. N.J. Bureau of Sec.*, 163 F.3d 780, 784 (3d Cir. 1999). "The modern law of what has come to be called the dormant Commerce Clause is driven by concern about 'economic protectionism—that is, regulatory measures designed to benefit in-state economic interests by burdening out-of-state competitors.'" *Dept. of Revenue of Ky. v. Davis*, 553 U.S. 328, 337-38 (2008) (quoting *New Energy Co. of Ind. v. Limbach*, 486 U.S. 269, 273-74 (1988)).

Here, Plaintiff argues that the Attorney General's investigation violates the dormant Commerce Clause because Pennsylvania's usury statute, which serves as

5

the basis for the investigation, can never, under any circumstances, be constitutionally enforced against Plaintiff as an out-of-state entity.[1] Even assuming Plaintiff's reading of the dormant Commerce Clause is correct, this argument is not persuasive, as the Attorney General is entitled to investigate and test Plaintiff's claim that no part of the company's loan transactions took place in Pennsylvania. Holding otherwise would require the Attorney General to simply assume the truth of Plaintiff's averments that it has no relevant contacts with Pennsylvania and defer to Plaintiff's legal position regarding the type of conduct that may be regulated in conformance with the dormant Commerce Clause.[2] As the United States Supreme Court has explained, the "very purpose" of an investigation "is to discover and procure evidence, not to prove a pending charge or complaint, but upon which to make one if. . . .the facts thus discovered should justify doing so." *Okla. Press Pub. Co. v. Walling*, 327 U.S. 186, 201 (1946).[3]

---

[1] Defendant's motion also argues that its investigation of Plaintiff does not offend the Due Process Clause. A review of Plaintiff's briefing and pleadings, however, shows that it is not alleging that Defendant's investigation itself offends the Due Process Clause, only that the enforcement of Pennsylvania's usury statute against Plaintiff would offend the Due Process Clause. As such, the only constitutional issue before the court is whether the investigation of Plaintiff would violate the dormant Commerce Clause.

[2] The court does not find *Midwest Title Loans, Incorporated v. Mills*, 593 F.3d 660 (7th Cir. 2010) persuasive under the circumstances, particularly considering the Seventh Circuit's explicit acknowledgment that the Third Circuit would likely have reached a different conclusion. *See id.* at 667 (rejecting *Instructional Sys., Inc. v. Comput. Curriculum Corp.*, 35 F.3d 813 (3d Cir. 1994)).

[3] Plaintiff contends that the narrowness of the Attorney General's investigation demonstrates that the information being sought, even if acquired, would be insufficient to prove that Plaintiff engaged in actionable conduct in Pennsylvania. It is not the province of the court, however, to predict information that may be acquired during the course of an investigation and it would be

Plaintiff is emphatic that all aspects of its lending transactions took place entirely in Delaware, and the court agrees that "the Commerce Clause precludes the application of a state statute to commerce that takes place wholly outside of the State's borders." *Instructional Sys., Inc.*, 35 F.3d at 824 (emphasis added) (quoting *Healy v. Beer Institute*, 491 U.S. 324, 336 (1989)). But Plaintiff presents no persuasive authority that would bar the Attorney General from investigating the scope and extent of its conduct to determine whether its representations are accurate and whether the application of Pennsylvania law is appropriate. It would be improper for the court to usurp the Attorney General's investigatory authority with civil factfinding and injunctive relief at this stage, just as it would be premature for the court to weigh in on constitutional questions regarding the potential outcome of the investigation and theoretical enforcement of Pennsylvania usury law. Plaintiff's claim that the Attorney General's investigation is unconstitutional is therefore dismissed with prejudice, and because this eliminates Plaintiff's only claim that is ripe at this time, this action will otherwise be dismissed without prejudice.[4]

---

inappropriate for the court to weigh in on potential enforcement questions based on the perceived scope of an investigation.

[4] Plaintiff suggests that its constitutional challenge to the enforcement of Pennsylvania's usury statute is ripe because the investigation presents a threat of enforcement. The authority Plaintiff relies upon, however, concerns a First Amendment challenge to the constitutionality of a statutory regime itself, not its application under a factually-disputed context. *See, e.g., Free Speech Coalition v. Att'y Gen. U.S.*, 825 F.3d 149, 153-54 (3d Cir. 2016) ("Plaintiffs are suffering real costs as a condition of compliance with a regulation that they urge is unconstitutional."); *Lozano v. City of Hazleton*, 620 F.3d 170, 185 (3d Cir. 2010) ("Lozano and Espinal are direct

7

## IV. **CONCLUSION**

For the reasons outlined above, the court will grant Defendant's motion for judgment on the pleadings in part and deny Plaintiff's motion for judgment on the pleadings. The court will accordingly dismiss Plaintiff's challenge to Defendant's investigation with prejudice and dismiss the remainder of its claims without prejudice.

s/Sylvia H. Rambo<br>
United States District Judge

Dated: June 30, 2021

---

targets of an ordinance that they allege to be unconstitutional."). Here, Plaintiff does not challenge Pennsylvania's usury statute itself but rather argues that its application to Plaintiff under particular circumstances would be unconstitutional.